| United States Bankruptcy Court Western District of Washington | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **Lawrence, David H.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **Lawrence, Kathy** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): **5243** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): **9963** |
| Street Address of Debtor (No. & Street, City, and State **15526 67th Drive SE** **Snohomish, WA**      ZIPCODE **98296** | Street Address of Joint Debtor (No. & Street, City, and State): **15526 67th Drive SE** **Snohomish, WA**      ZIPCODE **98296** |
| County of Residence or of the Principal Place of Business: **Snohomish** | County of Residence or of the Principal Place of Business: **Snohomish** |
| Mailing Address of Debtor (if different from street address):      ZIPCODE | Mailing Address of Joint Debtor (if different from street address):      ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):      ZIPCODE | |

**Type of Debtor** (Form of Organization)
**(Check one box.)**
- ☒ Individual (includes Joint Debtors)
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and provide the information requested below.) State type of entity: _____

**Nature of Business**
(Check all applicable boxes)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Nonprofit Organization qualified under 26 U.S.C. § 501(c)(3)

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Consumer/Non-Business
- ☒ Business

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2 million.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **David H. Lawrence, Kathy Lawrence** | |
|---|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:   **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:   **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if debtor is an individual whose debts are primarily consumer debts) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. |
| ☐   Exhibit A is attached and made a part of this petition. | **X  Not Applicable** |
| | Signature of Attorney for Debtor(s)            Date |
| | **Gloria Z. Nagler**                          **13176** |

| **Exhibit C** | **Certification Concerning Debt Counseling by Individual/Joint Debtor(s)** |
|---|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? | ☑   I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition. |
| ☐   Yes, and Exhibit C is attached and made a part of this petition. ☑   No | ☐   I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances (Must attach certification describing). |

**Information Regarding the Debtor (Check the Applicable Boxes)**
**Venue** (Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of this petition.

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**David H. Lawrence, Kathy Lawrence** |
|---|---|

# Signatures

## Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition]- I have obtained and read the notice required by § 342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ David H. Lawrence**

Signature of Debtor    **David H. Lawrence**


X **s/ Kathy Lawrence**

Signature of Joint Debtor    **Kathy Lawrence**

Telephone Number (If not represented by attorney)
**5/31/2006**
Date

## Signature of Attorney

X **/s/ Gloria Z. Nagler**

Signature of Attorney for Debtor(s)

**Gloria Z. Nagler, 13176**

Printed Name of Attorney for Debtor(s) / Bar No.

**NAGLER & ASSOCIATES**

Firm Name

**Logan Building, Ste. 927  500 Union Street**

Address

**Seattle, WA  98101-2332**

**(206) 224-3460**                **224-3463**

Telephone Number

**5/31/2006**

Date

## Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**

Signature of Authorized Individual


Printed Name of Authorized Individual


Title of Authorized Individual


Date

## Signature of a Foreign Representative of a Recognized Foreign Proceeding

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to § 1511 of title 11, United States Code, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign proceeding is attached.

X **Not Applicable**

(Signature of Foreign Representative)


(Printed Name of Foreign Representative)


Date

## Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: I) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) 1 prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C.§110 setting a maximum fee for services chargeable by bankruptcy petition prepares, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

**Not Applicable**

Printed Name and title, if any, of Bankruptcy Petition Preparer


Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)


Address


X **Not Applicable**

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

## UNITED STATES BANKRUPTCY COURT

## Western District of Washington

In re:   **David H. Lawrence**            **Kathy Lawrence**            Case No. _____

   **5243**                              **9963**                     Chapter   **7**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of **5** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:   **5/31/2006**                          Signed:   **s/ David H. Lawrence**
                                                          **David H. Lawrence**

Signed:   **/s/ Gloria Z. Nagler**                Signed:   **s/ Kathy Lawrence**
          **Gloria Z. Nagler**                             **Kathy Lawrence**
          Bar No.   **13176**

**United States Bankruptcy Court**

**Western District of Washington**

In re  **David H. Lawrence    Kathy Lawrence** _____,  Case No. _____

Debtors

Chapter  _7_ _____

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 495.000.00 | | |
| B - Personal Property | YES | 4 | $ 937.931.00 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 678.000.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 25,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 894.735.47 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 7.998.56 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $ 5.423.00 |
| **Total** | | | $ 1,432,931.00 | $ 1,597,735.47 | |

In re: **David H. Lawrence   Kathy Lawrence** _____.   Case No. _____
                                    **Debtors**                                              (If known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residential property located at:**<br><br>**15526 67th Drive SE**<br>**Snohomish, WA 98296** | **Community Property** | **J** | **$ 495,000.00** | **$ 678,000.00** |
| | **Total** ➢ | | **$ 495,000.00** | |

(Report also on Summary of Schedules.)

In re    **David H. Lawrence**    **Kathy Lawrence** ,      Case No. _____

                  **Debtors**                                                **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash in debtors' possession** | J | 195.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **US Bank checking account #153505766649** | J | 200.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Please see attached Exhibit A** | J | 9,200.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Collection of 200 compact discs; statue; child lithograph; coins** | J | 1,400.00 |
| 6. Wearing apparel. | | **Miscellaneous men's and women's clothing and footwear** | J | 1,100.00 |
| 7. Furs and jewelry. | | **Wedding rings and costume jewelry** | J | 1,200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Digital camera; Minolta camera** | J | 150.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Prudential life insurance policy #94629727 for Kathy Lawrence** | W | 16,020.00 |
|     Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Prudential life insurance policy number 94624763 for Collin Lawrence, in Kathy Lawrence's name** | C | 4,383.00 |
|     Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Prudential variable life insurance policy #R7085445 for David Lawrence** | H | 5,070.00 |
|     Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Transamerica term life insurance policy #6009309701** | | 0.00 |

In re  **David H. Lawrence    Kathy Lawrence** _____ ,    Case No. _____

                                 **Debtors**                                                         **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **Schwab IRAs with account numbers 5416-4214 & 5416-4211 for David Lawrence** | H | **34,724.00** |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **Templeton IRAs with account numbers 102-2875016424 & 102-2875051264 for Kathy Lawrence** | W | **11,589.00** |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **67% interest in Legacy Manufacturing, Inc.** | H | **0.00** |
| Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **79% ownership in Door Depot, LLC** | H | **0.00** |
| Stock and interests in incorporated and unincorporated businesses.  Itemize. | | **Interest in Big Paws Pantry** | J | **100.00** |
| 14. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Claim against Bay Bank for misrepresentation on loans and violation of debt agreements** | J | **Unknown** |
| Accounts receivable. | | **Note receivable:**<br><br>**Lang Manufacturing Company<br>6500 Merrill Parkway<br>Everett, WA 98203** | J | **850,000.00** |
| Accounts receivable. | | **Possible recovery of monies from deductible paid in auto accident with uninsured driver.  Criminal charges pending against driver.** | J | **100.00** |
| | | | | |

In re **David H. Lawrence    Kathy Lawrence** _____,    Case No. _____

                                    **Debtors**                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts receivable. | | **Potential claim against Marc Board for his portion on Bay Bank loan paid by foreclosure on debtors' residence** | **J** | **Unknown** |
| Accounts receivable. | | **Potential claim as personal guarantor of Legacy Mfg. against former landlord for unlawful detainer** | **J** | **Unknown** |
| Accounts receivable. | | **Potential lawsuit against Clifford Bradley as personal guarantor on Legacy Mfg. debt to Bay Bank for violation of agreement** | **J** | **Unknown** |
| Accounts receivable. | | **Small claims case against Snohomish County for damage to debtors' vehicle due to poor road construction** | **J** | **1,000.00** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

In re  **David H. Lawrence    Kathy Lawrence**                              ,     Case No. _____

_____ **Debtors** _____                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2000 Yamaha YZ80 Motorcycle** | J | **1,000.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Desktop computer; laptop computer** | J | **500.00** |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Family pet (dog)** | J | **0.00** |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_____3_____  continuation sheets attached                              Total      ▸          **$ 937,931.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re   **David H. Lawrence   Kathy Lawrence**                        Case No. _____
                                    Debtors                                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $125,000.
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **2000 Yamaha YZ80 Motorcycle** | **RCW 6.15.010(3)(c)** | 1,000.00 | 1,000.00 |
| **Cash in debtors' possession** | **RCW 6.15.010(3)(b)** | 195.00 | 195.00 |
| **Collection of 200 compact discs; statue; child lithograph; coins** | **RCW 6.15.010(3)(b)** | 600.00 | 1,400.00 |
| **Desktop computer; laptop computer** | **RCW 6.15.010(3)(b)** | 500.00 | 500.00 |
| **Digital camera; Minolta camera** | **RCW 6.15.010(3)(b)** | 150.00 | 150.00 |
| **Miscellaneous men's and women's clothing and footwear** | **RCW 6.15.010(1)** | 1,100.00 | 1,100.00 |
| **Please see attached Exhibit A** | **RCW 6.15.010(3)(b)**<br>**RCW 6.15.010(3)(a)** | 2,555.00<br>5,400.00 | 9,200.00 |
| **Prudential life insurance policy #94629727 for Kathy Lawrence** | **RCW 48.18.410** | 16,020.00 | 16,020.00 |
| **Prudential life insurance policy number 94624763 for Collin Lawrence, in Kathy Lawrence's name** | **RCW 48.18.410** | 4,383.00 | 4,383.00 |
| **Prudential variable life insurance policy #R7085445 for David Lawrence** | **RCW 48.18.410** | 5,070.00 | 5,070.00 |
| **Schwab IRAs with account numbers 5416-4214 & 5416-4211 for David Lawrence** | **RCW § 6.15.025** | 34,724.00 | 34,724.00 |
| **Templeton IRAs with account numbers 102-2875016424 & 102-2875051264 for Kathy Lawrence** | **RCW § 6.15.025** | 11,589.00 | 11,589.00 |
| **Wedding rings and costume jewelry** | **RCW § 6.15.010(1)** | 1,200.00 | 1,200.00 |

FORM B6D
(10/05)

In re: **David H. Lawrence   Kathy Lawrence** _____,   **Case No.** _____
                                                        Debtors                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

❑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **10008189** <br><br>**Bay Bank** <br>**10500 NE 8th Street, Ste 1750** <br>**Bellevue, WA 98004** | | **J** | **Deed of Trust** <br>**Residential property located at:** <br><br>**15526 67th Dr. SE** <br>**Snohomish, WA 98296** <br>_____ <br>**VALUE $495,000.00** | | | | **255,000.00** | **0.00** |
| ACCOUNT NO.   **500000782** <br><br>**Primary Residential Mortgage** <br>**4750 W. Wiley Post Way, Ste. 200** <br>**Salt Lake City, UT 84116** | | **J** | **Mortgage** <br>**Residential property located at:** <br><br>**15526 67th Dr. SE** <br>**Snohomish, WA 98296** <br>_____ <br>**VALUE $495,000.00** | | | | **423,000.00** | **0.00** |

<u>0</u> Continuation sheets attached

|  |  |
|---|---|
| **Subtotal** ➤ <br>(Total of this page) | **$678,000.00** |
| **Total** ➤ <br>(Use only on last page) | **$678,000.00** |

(Report total also on Summary of Schedules)

Form B6E
(10/05)

In re   **David H. Lawrence    Kathy Lawrence**
_____
                                    Debtors

Case No. _____
                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,000* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>   Continuation sheets attached

Form B6E -Cont.
(10/05)

In re  **David H. Lawrence    Kathy Lawrence**                                    Case No. _____
_____                                                    (If known)
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Internal Revenue Service** <br> **Ogden, UT 84201** <br><br><br> **IRS Special Procedures** <br> **915 Second Ave., M/S-W244** <br> **Seattle, WA 98174** <br><br> **U.S. Attorney** <br> **700 Stewart St., Ste. 5200** <br> **Seattle, WA 98101** <br><br> **District Counsel** <br> **915 Second Ave., Room 2719** <br> **Seattle, WA 98101** <br><br> **Attorney General** <br> **U.S. Department of Justice** <br> **950 Pennyslvania Ave. NW** <br> **Washington, D.C. 20530-0001** | | | **Personally guaranteed corporate debt for payroll tax withholdings** | | | | 2,000.00 | 0.00 |
| ACCOUNT NO.  **05-2-29457-4SEA** <br><br> **Washington State Dept. of Revenue** <br> **Charity Garner** <br> **P.O. Box 111180** <br> **Tacoma, WA 98411** | | | **Personally guaranteed corporate debt for sales tax** | | | | 23,000.00 | 23,000.00 |

Sheet no.  1  of  1  sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotal ➢ | $25,000.00 | $23,000.00 |
|---|---|---|---|
| | (Total of this page) | | |
| | **Total** ➢ | $25,000.00 | $23,000.00 |
| | **(Use only on last page of the completed Schedule E.)** | | |

(Report total also on Summary of Schedules)

Form B6F (10/05)

In re  **David H. Lawrence   Kathy Lawrence**                    Case No. _____
                                      **Debtors**                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **373275990712009** | | J | | | | | **1,733.84** |
| **AMEX**<br>**Box 0001**<br>**Los Angeles, CA 90096** | | | **Credit card** | | | | |
| ACCOUNT NO.   **371271565471008** | | J | | | | | **4,071.80** |
| **AMEX**<br>**P.O. Box 360002**<br>**Ft. Lauderdale, FL 3336** | | | **Credit card** | | | | |
| ACCOUNT NO.   **68209004875299** | | J | | | | | **25,354.10** |
| **Bank of America**<br>**P.O. Box 30020**<br>**Los Angeles, CA 90030** | | | **Credit card** | | | | |
| ACCOUNT NO.   **4023014981420801** | | J | | | | | **9,624.46** |
| **Bank of America VISA**<br>**P.O. Box 60069**<br>**City of Industry, CA** | | | **Credit card** | | | | |
| ACCOUNT NO. | | J | | | | | **274,000.00** |
| **Bay Bank**<br>**10500 NE 8th St., Ste. 1750**<br>**Bellevue, WA 98004** | | | **Personally guaranteed corporate debt -- possible secured against residence** | | | | |

<u>6</u>   Continuation sheets attached

Subtotal  ➤

Total  ➤                          |  **$314,784.20**  |

**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

**In re** David H. Lawrence   Kathy Lawrence

**Case No.** _____

Debtors

(If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **111990**<br><br>**BECU**<br>**P.O. Box 97050**<br>**Seattle, WA 98121-9750** | | J | **Collection on overdraft from checking account** | | | | 71.17 |
| ACCOUNT NO.<br><br>**BECU**<br>**11127 Evergreen Way**<br>**Everett, WA 98204** | | J | **Line of credit** | | | | 2,600.00 |
| ACCOUNT NO.<br><br>**Brian Lawrence**<br>**1048 Cassius Court**<br>**Camano Island, WA 98282** | | | **LLC debt personally guaranteed** | | | | 25,000.00 |
| ACCOUNT NO.<br><br>**Bush Strout Kornfeld**<br>**5500 Two Union Square**<br>**601 Union Street**<br>**Seattle, WA 98101** | | | **Personally guaranteed corporate debt for legal fees** | | | | 25,000.00 |
| ACCOUNT NO.<br><br>**CAPCO**<br>**3006 Northup Way, #103**<br>**Bellevue, WA** | | | **Personally guaranteed corporate debt** | | | | 70,000.00 |

Sheet no. _1_ of _6_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules)

| $122,671.17 |
|---|
| |

Form B6F - Cont.
(10/05)

In re  **David H. Lawrence    Kathy Lawrence**                                    Case No. _____
                              Debtors                                                                            (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **4115-0715-2038-7189** | | J | | | | | **3,019.73** |
| **Capital One VISA** **P.O. Box 60067** **City of Industry, CA 91716** | | | **Credit card** | | | | |
| ACCOUNT NO.   **43782423** | | | | | | | **105.60** |
| **Certegy** **P.O. Box 30272** **Tampa, FL 33630** | | | | | | | |
| ACCOUNT NO.   **6879450129005321669** | | J | | | | | **1,872.84** |
| **Dell Financial** **P.O. Box 6403** **Carol Stream, IL 60197** | | | | | | | |
| ACCOUNT NO. | | | | | | | **25,000.00** |
| **Douglas Jamieson** **642 12th Ave.** **Kirkland, WA 98033** | | | **LLC debt personally guaranteed** | | | | |
| ACCOUNT NO. | | | | | | | **8,933.00** |
| **Huttig Building Products** **525 "C" Street NW** **Auburn, WA 98001** | | | **LLC debt personally guaranteed** | | | | |

Sheet no. _2_ of _6_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ (Total of this page)               **$38,931.17**

Total ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

**In re** David H. Lawrence    Kathy Lawrence                          Case No. _____

Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Leary Franke Droppert, PLLC <br> 1500 Fourth Ave., Ste. 600 <br> Seattle, WA 98101 | | | Personally guaranteed corporate debt | | | | 13,747.00 |
| ACCOUNT NO. 48-628-919-499-0 <br><br> Macy's <br> P.O. Box 4582 <br> Carol Stream, IL 60197 | | | Store credit card | | | | 2,245.33 |
| ACCOUNT NO. <br><br> Marc Board <br> 1575 Delucchi Lane, #115 <br> Reno, NV 89502 | | | Personally guaranteed corporate debt | | | | 45,000.00 |
| ACCOUNT NO. 5490-9929-5901-4378 <br><br> MBNA <br> P.O. Box 15137 <br> Wilmington, DE 19886 | | | Credit card | | | | 23,059.29 |
| ACCOUNT NO. <br><br> Mills Music <br> P.O. Box 2125 <br> Mill Creek, WA 98043 | | | Store credit | | | | 240.00 |

Sheet no. 3 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | $84,291.62

(Total of this page)

Total ➤

(Use only on last page of the completed Schedule F.)

(Report also on Summary of Schedules)

**In re**  David H. Lawrence    Kathy Lawrence                                    Case No. _____

                              Debtors                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  212071467 <br><br> **Nordstrom Bank** <br> **P.O. Box 6566** <br> **Englewood, CO 80155** | | | Store credit | | | | 1,886.69 |
| ACCOUNT NO. <br><br> **Novus Info. Systems** <br> **Merchant Services** <br> **Recovery Department** <br> **P.O. Box 9599** <br> **Knoxville, TN 37940** | | | Personally guaranteed corporate debt | | | | 10,000.00 |
| ACCOUNT NO.  4185-8668-6963-9800 <br><br> **PayPal VISA** <br> **P.O. Box 660487** <br> **Dallas, TX 75266** | | | Credit card | | | | 3,564.13 |
| ACCOUNT NO. <br><br> **Peterson Sullivan PLLC** <br> **601 Union Street, Ste. 2300** <br> **Seattle, WA 98101** | | | Personally guaranteed corporate debt for accounting fees | | | | 5,000.00 |
| ACCOUNT NO.  0602800084201 <br><br> **Regence** <br> **P.O. Box 21267** <br> **Seattle, WA 98111** | | | Medical insurance | | | | 259.59 |

Sheet no.  4  of  6  sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

**$20,710.41**

Total ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

**In re** David H. Lawrence   Kathy Lawrence _____   **Case No.** _____

Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>**Robert Dunlop**<br>**4514 Forest Ave. SE**<br>**Mercer Island, WA 98040** | | | **LLC debt personally guaranteed** | | | | **25,000.00** |
| ACCOUNT NO.  **64-5048-6668960**<br>**The Men's Wearhouse**<br>**P.O. Box 530993**<br>**Atlanta, GA 30353** | | | **Store credit** | | | | **958.31** |
| ACCOUNT NO.  **4217-2800-1002-5111**<br>**Trustmark VISA**<br>**P.O. Box 143**<br>**Jackson, MS 39205** | | | **Credit card** | | | | **10,702.13** |
| ACCOUNT NO.  **150368300**<br>**Turner and Turner**<br>**P.O. Box 1617**<br>**Staten Island, NY 10313** | | | | | | | **400.00** |
| ACCOUNT NO.  **4719-2404-4091-4097**<br>**US Bank**<br>**P.O. Box 790408**<br>**St. Louis, MO 63179** | | | | | | | **12,295.81** |

Sheet no. 5 of 6 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal       ➤
(Total of this page)

Total       ➤
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

| | |
|---|---|
| Subtotal | **$49,356.25** |
| Total | |

Form B6F - Cont.
(10/05)

In re   **David H. Lawrence   Kathy Lawrence**_____   Case No._____
                                      Debtors                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **W.M. Swensen Enterprises** <br> **P.O. Box 442** <br> **McKenna, WA 98558** | | | **Personally guaranteed corporate debt** | | | | **80,200.00** |
| ACCOUNT NO. <br><br> **Wells Fargo** <br> **P.O. Box 29704** <br> **Phoenix, AZ 85038** | | J | **Residual from lease of Nissan Armada subsequent to returning vehicle** | | | | **5,000.00** |
| ACCOUNT NO. <br><br> **Wells Fargo** <br> **P.O. Box 29704** <br> **Phoenix, AZ 85038** | | J | **Residual from lease of Nissan 350Z subsequent to returning vehicle** | | | | **5,990.65** |
| ACCOUNT NO. <br><br> **William B. Swensen** <br> **P.O. Box 442** <br> **McKenna, WA 98558** | | | **Personally guaranteed corporate debt** | | | | **172,800.00** |

Sheet no. _6_ of _6_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | **$263,990.65**
(Total of this page)

Total ➤ | **$894,735.47**
**(Use only on last page of the completed Schedule F.)**
(Report also on Summary of Schedules)

In re: <u>**David H. Lawrence    Kathy Lawrence**</u>_____,    Case No. _____
                                              **Debtors**                                                        **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

In re: **David H. Lawrence    Kathy Lawrence** _____.    Case No. _____
                                 **Debtors**                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re  **David H. Lawrence Kathy Lawrence**                    Case No. _____

                                    **Debtors**                                              **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | **Son** | **16** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | **Holtzinger Fruit Company** | |
| How long employed | **2 months** | |
| Address of Employer | **1312 6th Avenue Yakima, WA** | |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Current monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | **10,833.34** | $ | **0.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **10,833.34** | $ | **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **2,501.05** | $ | **0.00** |
| b. Insurance | $ | **333.73** | $ | **0.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify) _____ | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **2,834.78** | $ | **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **7,998.56** | $ | **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ | **0.00** |
| 11. Social security or other government assistance (Specify) | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income (Specify) | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| 15. TOTAL MONTHLY INCOME (add amounts shown on lines 6 and 14) | $ | **7,998.56** | $ | **0.00** |

16. TOTAL COMBINED MONTHLY INCOME        **$ 7,998.56**

(Report also on Summary of Schedules)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**Unknown.**

In re <u>David H. Lawrence  Kathy Lawrence</u>_____,    Case No. _____

                                **Debtors**                                            **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,000.00 |
|     a. Are real estate taxes included?   Yes _____   No ✓ | | |
|     b. Is property insurance included?   Yes _____   No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 200.00 |
|     b. Water and sewer | $ | 50.00 |
|     c. Telephone | $ | 100.00 |
|     d. Other | $ | 50.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 750.00 |
| 5. Clothing | $ | 300.00 |
| 6. Laundry and dry cleaning | $ | 200.00 |
| 7. Medical and dental expenses | $ | 200.00 |
| 8. Transportation (not including car payments) | $ | 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 200.00 |
|     b. Life | $ | 300.00 |
|     c. Health | $ | 323.00 |
|     d. Auto | $ | 200.00 |
|     e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other | $ | 0.00 |
| 14. Alimony, maintenance or support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other | $ | 0.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 5,423.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

**None expected.**

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|     a. Total monthly income from Line 16 of Schedule I | $ | 7,998.56 |
|     b. Total monthly expenses from Line 18 above | $ | 5,423.00 |
|     c. Monthly net income (a. minus b.) | $ | 2,575.56 |

In re  **David H. Lawrence    Kathy Lawrence**                          Case No. _____

                    **Debtors**                                                        **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of          **22**

                                                                                (Total shown on summary page plus 1.)

sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **5/31/2006**                                    Signature:  **s/ David H. Lawrence**
                                                                    **David H. Lawrence**

Date:  **5/31/2006**                                    Signature:  **s/ Kathy Lawrence**
                                                                    **Kathy Lawrence**

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

### (NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In re **David H. Lawrence**
**Kathy Lawrence**
Debtors.

Case No.

Chapter    7

## STATEMENT OF MONTHLY NET INCOME

The undersigned certifies the following is the debtor's monthly income .

| Income: | Debtor | Joint Debtor |
|---|---|---|
| Six months ago | $ 0.00 | $ 0.00 |
| Five months ago | $ 0.00 | $ 0.00 |
| Four months ago | $ 0.00 | $ 0.00 |
| Three months ago | $ 0.00 | $ 0.00 |
| Two months ago | $ 10,833.34 | $ 0.00 |
| Last month | $ 10,833.34 | $ 0.00 |
| Income from other sources | $ 0.00 | $ 0.00 |
| Total net income for six months preceding filing | $ 21,666.88 | $ 0.00 |
| **Average Monthly Net Income** | $ 3,611.11 | $ 0.00 |

Attached are all payment advances received by the undersigned debtor prior to the petition date. I declare under penalty of perjury that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information, and belief.

Dated: **5/31/2006**

**s/ David H. Lawrence**
**David H. Lawrence**

Debtor

**s/ Kathy Lawrence**
**Kathy Lawrence**

Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**Western District of Washington**

In re:   **David H. Lawrence   Kathy Lawrence** _____,     Case No. _____

                                                    Debtors                                                    (If known)

# STATEMENT OF FINANCIAL AFFAIRS

## 1.   Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 150,383.00 | **Self-employment/Legacy Manufacturing Co.** | 2004 |
| 121,643.00 | **Legacy Manufacturing Co./Door Depot, LLC** | 2005 |

## 2.   Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.   Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☐

a.   *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Wells Fargo**<br>**P.O. Box 29704**<br>**Phoenix, AZ 85038** | **April 12, 2006** | **656.56** | **Unknown** |

None
☑

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Brian Lawrence Father** | **01/2005 & 02/2005** | **1,312.00** | **0.00** |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **COWLITZ BANK, a Washington State banking corporation, d/b/a BAY BANK,** <br><br>         **Plaintiff,** <br><br> **v.** <br><br> **DAVID H. LAWRENCE and KATHY LAWRENCE, husband and wife, and the marital community composed thereof, and THE DOOR DEPOT LLC, a Washington limited liability company,** <br><br>         **Defendants.** <br> **05-2-35053-9 SEA** | **Complaint for Monies Due on Commercial Guarantees** | **King County Superior Court Seattle, WA** | **Pending** |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS | | |
| --- | --- | --- |
| OF PERSON FOR WHOSE | DATE OF | DESCRIPTION |
| BENEFIT PROPERTY WAS SEIZED | SEIZURE | AND VALUE OF |
| | | PROPERTY |

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | DATE OF REPOSSESSION, | DESCRIPTION |
| --- | --- | --- |
| NAME AND ADDRESS | FORECLOSURE SALE | AND VALUE OF |
| OF CREDITOR OR SELLER | TRANSFER OR RETURN | PROPERTY |
| **Wells Fargo** | **04/01/2006** | **Nissan 350Z** |
| **Mill Creek, WA** | | |
| **Wells Fargo** | **05/15/2006** | **Nissan Armada** |
| **Mill Creek, WA** | | |

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | | TERMS OF |
| --- | --- | --- |
| NAME AND ADDRESS | DATE OF | ASSIGNMENT |
| OF ASSIGNEE | ASSIGNMENT | OR SETTLEMENT |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| | NAME AND ADDRESS | | |
| --- | --- | --- | --- |
| | OF COURT | DATE OF | DESCRIPTION |
| NAME AND ADDRESS | CASE TITLE & NUMBER | ORDER | AND VALUE OF |
| OF CUSTODIAN | | | PROPERTY |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Gloria Z. Nagler**<br>**500 Union St., Ste. 927**<br>**Seattle, WA 98101** | **11/11/05; 03/01/06;**<br>**04/26/06; 05/26/06** | **$260.00; $500.00; $800.00; $2,239.00** |

## 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☑

    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **BECU** | **Checking; 5614; $0.00** | |
| **BECU** | **Checking; 4139; $0.00** | |
| **BECU** | **Checking; 4147; $0.00** | |
| **BECU** | **Checking; 2744; $0.00** | |

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |
| **Door Depot, LLC<br>P.O. Box 110878<br>Tacoma, WA 98411** | **1992 Isuzu NPR truck - $7,000.00** | **Debtor's garage at residential property located at:** |
| | **10 used Dell personal computers - $2,000.00** | **15526 67th Dr. SE<br>Snohomish, WA 98296** |
| | **20 exterior doors - $2,000.00** | |
| | **1 wood welder - $250.00** | |
| | **1 set of small tools - $150.00** | |
| | **4 printer/fax machine combos - $80.00** | |
| | **1 server - $1,000.00** | |
| | **Misc. office supplies and one cabinet - $100.00** | |
| | **PayPal online account - $545.00** | |
| **Legacy Manufacturing Co.** | **2000 Ford Windstar Van - $2,500.00** | **Debtor's garage at residential property located at:** |
| | | **15526 67th Dr. SE<br>Snohomish, WA 98296** |

## 15.  Prior address of debtor

None ☑

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16.  Spouses and Former Spouses

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**Kathy Lawrence**

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|------|

## 19.  Books, records and financial statements

None
☑

a.   List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☑

| NAME | ADDRESS |
|------|------|

d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case by the debtor.

None
☑

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

## 20.  Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|------|------|------|

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|------|------|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each
member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each
stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting
securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22.  Former partners, officers, directors and shareholders

None
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one
year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation
terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given
to an insider, including compensation in any form, bonuses, loans, stock redemptions, options
exercised and any other perquisite during **one year** immediately preceding the commencement
of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24.  Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any
consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately
preceding the commencement of the case.

| NAME  OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## 25.  Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                        TAXPAYER IDENTIFICATION NUMBER

_____

* * * * * *

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **5/31/2006**                        Signature      **s/ David H. Lawrence**
                                           of Debtor      **David H. Lawrence**

Date  **5/31/2006**                        Signature      **s/ Kathy Lawrence**
                                           of Joint       **Kathy Lawrence**
                                           Debtor

Form 8
(10/05)

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re: **David H. Lawrence   Kathy Lawrence**

Case No. _____

Chapter   **7**

Debtors

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑ I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☑ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. **Residential property located at:**<br><br>**15526 67th Dr. SE Snohomish, WA 98296** | **Bay Bank** | | | | |
| 2. **Residential property located at:**<br><br>**15526 67th Dr. SE Snohomish, WA 98296** | **Primary Residential Mortgage** | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

Date:   **5/31/2006**

**s/ David H. Lawrence**
Signature of Debtor

Date:   **5/31/2006**

**s/ Kathy Lawrence**
Signature of Joint Debtor

## UNITED STATES BANKRUPTCY COURT
### Western District of Washington

In re:    **David H. Lawrence**        **Kathy Lawrence**

Case No. _____

Chapter    **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,500.00** |
| Prior to the filing of this statement I have received | $ | **3,500.00** |
| Balance Due | $ | **0.00** |

2. The source of compensation paid to me was:

     ☑ Debtor      ☐ Other (specify)

3. The source of compensation to be paid to me is:

     ☑ Debtor      ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a)    Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b)    Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)    Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e)    [Other provisions as needed]

     **Additional fees beyond the advance fee deposit will be billed at attorneys' normal hourly rates as specified in fee agreement with Debtor. Post-petition fees and costs will be applied for through the court.**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

     **Adversary proceedings, contested matters, lien avoidances, amendments or appearances before any other court.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **5/31/2006**

         **/s/ Gloria Z. Nagler**
         **Gloria Z. Nagler, Bar No. 13176**

         **NAGLER & ASSOCIATES**
         Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.
4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.
2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.
3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **Gloria Z. Nagler** | **/s/ Gloria Z. Nagler**          **5/31/2006** |
| Printed Name of Attorney | Signature of Attorney                    Date |

Address:

**NAGLER & ASSOCIATES**
**Logan Building, Ste. 927**
**500 Union Street**
**Seattle, WA  98101-2332**

**(206) 224-3460**

### Certificate of the Debtor

We, the debtors, affirm that we have received and read this notice.

| | |
|---|---|
| **David H. Lawrence** | X**s/ David H. Lawrence**          **5/31/2006** |
| **Kathy Lawrence** | **David H. Lawrence** |
| | Signature of Debtor                    Date |
| Printed Name(s) of Debtor(s) | X s/ Kathy Lawrence          **5/31/2006** |
| | **Kathy Lawrence** |
| Case No. (if known) | Signature of Joint Debtor          Date |

In re:  **David H. Lawrence**                    **Kathy Lawrence**                    Case No. _____

Chapter  **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:        $ _____  **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:      $ _____  **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)    $ _____  **0.00**
    4.  Payroll Taxes     _____  **0.00**
    5.  Unemployment Taxes     _____  **0.00**
    6.  Worker's Compensation     _____  **0.00**
    7.  Other Taxes     _____  **0.00**
    8.  Inventory Purchases (Including raw  materials)     _____  **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray     _____  **0.00**
    10.  Rent (Other than debtor's principal residence)     _____  **0.00**
    11.  Utilities     _____  **0.00**
    12.  Office Expenses and Supplies     _____  **0.00**
    13.  Repairs and Maintenance     _____  **0.00**
    14.  Vehicle Expenses     _____  **0.00**
    15.  Travel and Entertainment     _____  **0.00**
    16.  Equipment Rental and Leases     _____  **0.00**
    17.  Legal/Accounting/Other Professional Fees     _____  **0.00**
    18.  Insurance     _____  **0.00**
    19.  Employee Benefits (e.g., pension, medical, etc.)     _____  **0.00**
    20.  Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):
        **None**     _____

    21.  Other (Specify):

        **None**     _____

    22.  Total Monthly Expenses (Add items 3 - 21)    $ _____  **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

    23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)    $ _____  **0.00**

# United States Bankruptcy Court
# Western District of Washington

In re  **David H. Lawrence   Kathy Lawrence**

Case No. _____

Chapter  **7**

_____

Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
## [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $**23,000.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ **23,000.00** |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

Attorney Name, Address, Telephone No. & Bar ID No.

**Gloria Z. Nagler**          13176

**Logan Building, Ste. 927
500 Union Street
Seattle, WA  98101-2332
(206) 224-3460**

In re:

**David H. Lawrence**

**Kathy Lawrence**

(Debtor)

**BANKRUPTCY NO.**

## DECLARATION RE: ELECTRONIC FILING OF
## PETITION, SCHEDULES & STATEMENTS

PART 1- DECLARATION OF PETITIONER

[We]**David H. Lawrence**                   and **Kathy Lawrence**                   ,

the undersigned debtor(s), *hereby declare under penalty of perjury* that the information provided in the electronically filed petition, statements, and schedules is true and correct.  I consent to my attorney sending my petition, this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk of the Court no later than *5 business days* following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11.U.S.C. § 707(a)(3) without further notice.

☐   If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7:
    I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief
    available under each chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter specified
    in this petition.

☐   If petitioner is a corporation or partnership: I declare under penalty of perjury that the information provided in this petition is true
    and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief  in accordance
    with the chapter specified in this petition.

☐   If petitioner files an application to pay filing fee in installments: I certify that I completed an application to pay the filing
    fee in installments. I am aware that the bankruptcy case will be dismissed and I may not receive a discharge of my debts if the
    fee is not paid within 120 days of the date of filing the petition.

Dated:     **5/31/2006**

Signed:     **s/ David H. Lawrence**                                    **s/ Kathy Lawrence**

(Applicant)                                    (Joint Applicant)

PART II - DECLARATION OF ATTORNEY

I *declare under penalty of perjury* that the debtor(s) signed this form before I electronically transmitted the petition, schedules, and statements to the United States Bankruptcy Court, and have followed all other requirements in General Order No. 3. If an individual, I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11,12 or 13 of Title 11, United States Code, and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated:     **5/31/2006**

**/s/ Gloria Z. Nagler**

Attorney for Debtor(s)

[Local Rules W.D. Wash. Bankr. form 6]

Form 8
(10/05)

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington

In re:  **David H. Lawrence   Kathy Lawrence**

_____

Debtors

Case No.  _____

Chapter  **7** _____

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☑  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. **Residential property located at:**<br><br>**15526 67th Dr. SE Snohomish, WA 98296** | **Bay Bank** | | | | |
| 2. **Residential property located at:**<br><br>**15526 67th Dr. SE Snohomish, WA 98296** | **Primary Residential Mortgage** | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

Date:  **5/31/2006** _____

**s/ David H. Lawrence** _____
Signature of Debtor

Date:  **5/31/2006** _____

**s/ Kathy Lawrence** _____
Signature of Joint Debtor